### LEAYCRAFT & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. July 23, 1903.)

No. 3,045.

1. CUSTOMS DUTIES—CLASSIFICATION—ARROWROOT STARCH.

    Arrowroot in the form of starch, produced from arrowroot tubers by a process of manufacture, is not within the provision in the free list of Tariff Act July 24, 1897, c. 11, § 2, par. 478, 30 Stat. 195, c. 11 (U. S. Comp. St. 1901, p. 1680), for "arrowroot in its natural state and not manufactured," but is dutiable as "starch," under paragraph 285 of said act (30 Stat. 173 [U. S. Comp. St. 1901, p. 1653]).

On application by the importers to review the decision (G. A. 4,491) of the Board of General Appraisers, which affirmed the decision of the collector of customs at the port of New York.

Stephen G. Clarke, for appellants.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. This application by Leaycraft & Co., importers of an article commercially named "arrowroot," is for a review of the decision of the Board of General Appraisers approving the collector's assessment of the duty at the rate of 1½ cents per pound, and classifying the imported article as starch, under paragraph 285 of the act of July 24, 1897, c. 11, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653]. The amount assessed was paid, the importers reserving a claim to have refunded to them the excessive duty. The sole question submitted by the record is whether the invoice is arrowroot in its natural, unmanufactured state, or whether it is a starch. Upon the protest of the importers the Board of General Appraisers took testimony, and then, following their prior decisions upon similar classifications, held that the article was not arrowroot in its natural state, but merely a starch obtained therefrom, and known under that name. Paragraph 285 of the act of July, 1897, under which the duty was assessed, reads as follows:

"285. Starch, including all preparations from whatever substance produced, if for use as starch, one and one-half cents per pound."

Paragraph 478 (30 Stat. 195 [U. S. Comp. St. 1901, p. 1680]), upon which the importers claim exemption from the payment of duty, is in these words: "478. Arrowroot in its natural state and not manufactured." The language employed appears to be singularly free from doubt as to its meaning. Whatever uncertainty there may be arises from what is commercially understood and meant by "arrowroot." Mr. Baker, expert witness for the government, testified that the exhibit sample of the article found to be dutiable as starch resem-

bles arrowroot and to the taste seems to be arrowroot starch. He further testified that arrowroot in its crude state is in the form of tubers. The proofs show, and upon referring to the subject of "arrowroot" in the Encyclopedia Brittanica, the evidence finds corroboration that genuine arrowroot is a tropical plant in its natural or crude state, and of the species of maranta. The fresh roots contain, besides 25 per cent. of starch, a portion of woody tissue, vegetable albumen, and various salts. By peeling the root, and grating or rubbing it in water, the starch falls to the bottom. It is also stated in the Encyclopedia Brittanica that the process of manufacture of arrowroot on a large scale is carried on by specially prepared machinery. Under the provisions of the tariff act of 1890 (Act Oct. 1, 1890, c. 1244, 26 Stat. 567), arrowroot, raw or unmanufactured, was admitted into the United States free of duty. The free list of the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626]) is apparently limited in its entry to such arrowroot only as is in its natural state and unmanufactured. The sample exhibited in evidence was not such. Indeed, it is not contended by the importers, who gave testimony in their own behalf, that the article had not, prior to importation, passed through a process of manufacture. It seems to be clearly established by the record that the decision of the Board of General Appraisers is right.

The decision is affirmed.